UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TARACATAC-DOHERTY REAL
PROPERTY, INC.,**

                **Plaintiff,**

**v.**                                **Case No: 8:22-cv-1507-MSS-JSS**

**CENTURY SURETY COMPANY,**

                **Defendant.**

_____

## ORDER

**THIS CAUSE** is before the Court for consideration of the pending motions for summary judgment, (Dkts. 15, 19, 20), and all other pending motions. (Dkts. 27, 28, 34, 35) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Parties' motions are **DENIED**.

## I.    BACKGROUND

Defendant, Century Surety Company, issued a commercial lines policy bearing policy number CCP923829 ("Subject Policy"), to Plaintiff, Taracatac-Doherty for the property located at 719 Benton Avenue, Brooksville, Florida 34601 ("Property") for the period from August 28, 2020, to August 28, 2021. (Dkt. 26 at ¶ 1) Plaintiff alleged in its Complaint that "[o]n or about April 10th, 2021 Plaintiffs sustained damage to the subject property..." and that the damages "were caused by a covered peril,

windstorm, under the insurance policy issued by Defendant."[1] (Dkt. 26 at ¶ 2 (citing Dkt. 1-1 at ¶ 7, 8)) Century determined that based on the claim presented by Plaintiff, the Policy did not cover the Subject Claim as the conditions observed were due to causes of loss for which the Policy does not afford coverage. (Dkt. 26 at ¶ 3) Plaintiff, however, disagrees with Century's coverage decision. (Id.)

## II.   LEGAL STANDARD

Summary judgment is appropriate where the movant can show there is no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or

---

[1] While the Parties stipulate that Defendant issued Plaintiff a commercial lines policy bearing policy number CCP923829, neither the Parties' stipulation of agreed material facts nor Plaintiff's complaint quote or attach a copy of that policy. Defendant attached a certified copy of the policy to its motion for summary judgment. Given Plaintiff's reference to certain provisions within the policy and Plaintiff's failure to otherwise object to the certified copy, the Court accepts the contents of that policy as undisputed fact.

highlighting to the Court that no evidence supports the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." FED. R. CIV. P. 56(e).

## III.   DISCUSSION

### A. Summary Judgment Motions

Plaintiff's case involves a breach of contract claim based on Defendant's alleged failure to pay the full benefits due and owed under the insurance policy. On August 22, 2023, Defendant moved for summary judgment arguing Plaintiff had "failed to present any evidence of physical damage to the subject property resulting directly from a wind event on April 10, 2021." (Dkt. 15 at 13-15) Defendant further argues the record shows that Plaintiff's damages stem from a non-covered loss. (Id. at 15) Similarly, on August 31, 2023, Plaintiff moved for final summary judgment arguing "there is no

question of fact as to the water and wind damage that occurred to Plaintiffs' property was the result of a covered peril in the underlying governing policy of insurance between Plaintiff and Defendant." (Dkt. 19) The Court finds factual issues preclude the entry of summary judgment for either party as explained below. Tellingly, the Parties only offer four sentences of undisputed facts.

"Under Florida law, insurance contracts are construed according to their plain meaning." Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005). Any ambiguities "are construed against the insurer and in favor of coverage." Id. Florida law however places the burden on the insured to prove "that a claim against it is covered by the insurance policy." See Pub. Risk Mgmt. of Fla. v. Munich Reinsurance Am., Inc., 38 F.4th 1298, 1304 (11th Cir. 2022) (citing LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1516 (11th Cir. 1997)). On the other hand, the insurer bears the burden of proving that an exclusion to coverage applies. LaFarge, 118 F.3d at 1516.

Here, the Court finds as an initial matter that the Subject Policy is an "all-risks" policy that by itself does not necessarily connote such a policy covers all losses. See Fayad v. Clarendon Nat. Ins. Co., 899 So. 2d 1082, 1086 (Fla. 2005) ("Although the term 'all-risk' is afforded a broad, comprehensive meaning, . . . an 'all-risk' policy is not an 'all loss' policy, and thus does not extend coverage for every conceivable loss.").

As for Defendant's motion, the Court finds a genuine issues of material fact exist concerning Plaintiff's claimed loss. On October 28, 2020, Defendant enlisted a third-party inspector named Victor Correa to survey Plaintiff's property and he

determined *inter alia* that no underwriting, building and grounds, wiring, heating and cooling, plumbing, firefighting, or liability concerns existed at that time. This survey was later integrated into a report approved by Defendant's employee Cindy Caspe Perez on November 11, 2020. Defendant has now offered a weather expert's report citing three wind incidents, November 10, 2020, November 11/12, 2020, and December 24, 2020, experienced on Plaintiff's property, which Defendant asserts would have/could have caused the losses—that is that the damages preexisted the contract. That, of course, contradicts Defendant's prelitigation position on the subject property's amenability to coverage. Because Defendant finalized its coverage report amid wind incidents that may or may not have affected the subject property, whether the April 10, 2021 incident caused the claimed loss is a factual determination that a jury likely must resolve.

To the extent that Defendant relies on exclusionary language in the policy, the Court finds Defendant has failed to carry its burden. The language provides that Defendant "will not pay for loss or damage caused by or resulting from any of the following: (1) Wear and tear; (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; (3) Smog; (4) Settling, cracking, shrinking, or expansion." Plaintiff's underlying complaint alleged that "[o]n or about April 10, 2021, Plaintiff[] sustained damages to the subject property noted herein due to a covered loss, including but not limited to interior damage." (Dkt. 1-1 at ¶ 7) Plaintiff explained in the next paragraph that "[t]he

damages to Plaintiffs' building were caused by a covered peril, windstorm, under the insurance policy issued by Defendant." (Id. at ¶ 8)

Defendant's classification of the claimed loss as "age-related deterioration and debonding, wear and tear, foot traffic, thermal movement, and" preexisting conditions, although based on expert testimony, is insufficient to satisfy its burden to show the complaint's allegations unambiguously fall within the exclusion asserted. Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

Plaintiff's motions for summary judgment are **DENIED** because a reasonable jury could accept or reject Defendant's expert opinion that determined the claimed loss was caused by "age-related deterioration and debonding, wear and tear, foot traffic, thermal movement, and" preexisting conditions, not the windstorm on April 10, 2021. For now, a genuine issue of material fact exists precluding summary judgment.

### B. Motions to Strike

Defendant has moved to strike the affidavits, reports, or opinions of Grant Renne, Robert Leyva, Maria Doherty, and Scott Jarrell. (Dkts. 27 & 28) Federal Rule of Civil Procedure 26 requires that "[a] party must make [expert witness] disclosures at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D). To make a proper disclosure, parties must, by the deadline, reveal the identity of their experts "accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). This written report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)—(ii).

Rule 26(e) imposes a duty on an expert to supplement her report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Any additions or changes to" the expert report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2) (emphasis added).

A party violates Rule 26(a), 26(e), or Rule 37(c) by failing to disclose expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or harmless."). Courts have broad discretion to exclude untimely expert testimony—even when designated as "supplemental" reports. See Corwin, 475 F.3d at 1252 ("[A] supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed.").

Here, the Court finds Plaintiff is prohibited from relying on the reports, affidavits, or opinions of Grant Renne and Robert Leyva to oppose summary judgment because these documents were untimely disclosed. The Court finds Plaintiff's purported reasoning for the delay is dubious, given its obligations as a federal court litigant. Thus, if Plaintiff plans to rely on this material at trial, Plaintiff

must file a proper motion to seek leave from the Court to file the belated expert reports complying with counsel's obligations under Federal Rules 11, 26, and 37.

As a final point, Scott Jarrell's affidavit and opinion related to causation are **STRICKEN**. Mr. Jarrell testified that he was not a causation expert and that there were experts to whom he would defer. The Court finds nothing in this record supports a finding that Mr. Jarrell is qualified to establish causation. However, Maria Doherty testified that she personally saw leaks and estimated those leaks were first observed a couple of years before her deposition, which coincides with the date of the claimed loss. The Court will therefore permit Maria Doherty to testify concerning her observations for causation purposes.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Defendants' Motion for Summary Judgment, (Dkt. 15), is **DENIED**.

2. Plaintiff's Motions for Summary Judgment, (Dkts 19 & 20), are **DENIED**.

3. Defendant's Motion to Strike Affidavits, Reports, and Opinions of Grant Renne and Robert Leyva, (Dkt. 27), is **GRANTED as stated herein**.

4. Defendant's Motion to Strike Affidavits and Opinions of Maria Doherty and Scott Jarrell, (Dkt. 28), is **GRANTED in PART and DENIED in PART** as stated herein. The Affidavit and opinion of Maria Doherty are permitted. Scott Jarrell's Affidavits and Opinions on Causation are **STRICKEN**.

5.  Defendant's Motion for Leave to File Reply, (Dkt. 34), is **DENIED as MOOT**.

6.  Plaintiff's Motion for Leave to Clarify the Record, (Dkt. 35), is **DENIED as MOOT**.

 

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of February 2024.

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party